IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.

| | |
|---|---|
| JAMES GRADY GATHINGS, a/k/a JAMIE GATHINGS, in his Individual and official capacity Richmond County Commissioner,<br><br>Plaintiff,<br><br>vs.<br><br>RICHMOND COUNTY, RICHMOND COUNTY BOARD OF COMMISIONERS; RICK W. WATKINS, in his official capacity; ANDY GROOMS, in his official capacity; JEFF SMART, in his official capacity; JUSTIN DAWKINS, in his official capacity; JASON GAINEY in his official capacity; and ROBIN ROBERTS, in her official capacity,<br><br>Defendants. | **DEFENDANT RICHMOND COUNTY'S ANSWER** |

COMES NOW Defendant Richmond County (the "County"), by and through undersigned counsel, and files its Answer to Plaintiff James Grady Gathings's Amended Complaint, Petition for Writ of Mandamus, Motions for Temporary and Injunctive Relief, and Motion for Attorneys' Fees and Costs ("Amended Complaint"), showing this Court the following:

## FIRST DEFENSE

Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

The County reserves the right to assert all defenses that become known to it during the pendency of this action.

## THIRD DEFENSE

The County responds to the individually numbered paragraphs of the Complaint as follows:

### Responding to "Parties, Jurisdiction and Venue"

1. The County is without sufficient information to form a belief as to the allegations in this paragraph of the Amended Complaint. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

2. The County denies that Gathings can bring this action in his official capacity as a Richmond County Commissioner. Except as expressly denied, this paragraph of the Amended Complaint is admitted.

3. Admitted.

4. The County denies that the Richmond County Board of Commissioners is an entity capable of being sued. Except as expressly denied, this paragraph of the Amended Complaint is admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

12. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

13. Admitted.

14. Denied.

15. The County admits that, but for its ability to remove this case to this Court, jurisdiction and venue would be proper in the Superior Court for Richmond County.

**Responding to "Nature of the Case"**

16. Denied.

17. The County admits that the Richmond County Board of Commissioners passed a resolution at its meeting on May 5, 2025, concerning Gathings (the "Resolution"). The Resolution speaks for itself, and as such, to the extent a response is required as to the contents of the Resolution, this paragraph of the Amended Complaint is denied.

3

18. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

19. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

## Responding to "Factual Allegations"

20. Admitted.

21. The County admits that during the May 5, 2025, special meeting, the Richmond County Board of Commissioners discussed, among other things, complaints submitted to the Board as well as the potential options available to the Board. Except as expressly admitted herein, the paragraph of the Amended Complaint is denied.

22. The County admits that during the May 5, 2025, special meeting, the Richmond County Board of Commissioners discussed the available actions that it could take with respect to the complaints regarding Gathings, including actions available during the pendency of any amotion proceeding. Except as expressly admitted herein, this paragraph of the Amended Complaint is denied.

23. The County admits that, during the May 5, 2025, special meeting, the Richmond County Board of Commissioners voted and passed the Resolution. The Resolution speaks for itself, and as such, to the extent a response is required as to the contents of the Resolution, this paragraph of the Amended Complaint is denied.

24. The Resolution speaks for itself, and as such, to the extent a response is required as to the contents of the Resolution, this paragraph of the Amended Complaint is denied.

25. Admitted.

26. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

27. Denied.

28. Denied.

29. The County admits that an amotion proceeding is a method of removing a county commissioner from office. Except as expressly admitted herein, the allegations in this paragraph of the Amended Complaint are denied.

30. Denied.

31. Denied. The Resolution speaks for itself, and as such, to the extent a response is required as to the contents of the Resolution, this paragraph of the Amended Complaint is denied.

32. Admitted.

33. The County admits that the County Attorney has requested that Gathings meet with him individually outside of the County's buildings in accordance with the Resolution, with one such destination being at the County Attorney's offices outside of the County. Except as expressly admitted, this paragraph of the Amended Complaint is denied.

34. Admitted.

35. Denied.

## Responding to "First Cause of Action"

36. The County incorporates the preceding paragraphs of its Answer in their entirety. Further, this paragraph of the Amended Complaint is denied.

37. The County admits that it is a county in North Carolina. The remaining allegations in this paragraph do not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied to the extent not expressly admitted.

38. Denied.

39. Denied.

40. The County admits that an amotion proceeding is available to the Richmond County Board of Commissioners to remove a commissioner and that such proceeding provides due process, notice, hearing, and a level of impartiality. Except as expressly admitted herein, this paragraph of the Amended Complaint is denied.

41. Denied.

42. Denied.

43. Denied.

## Responding to "Petition for Writ of Mandamus"

44. The County incorporates the preceding paragraphs of its Answer in their entirety. Further, this paragraph of the Amended Complaint is denied.

45. Denied.

46. Denied.

47. The County is unable to determine the "aforementioned duties" to which Gathings refers. As such, to the extent a response is required, the allegations of this paragraph of the Amended Complaint are denied.

48. The County admits that, pursuant to the Resolution, during the temporary period of time until the next meeting of the Richmond County Board of Commissioners after a hearing officer issues a report, Gathings is not permitted to attend, in person, a meeting of the Richmond County Board of Commissioners save and except to cast a tie-breaking vote. Except as expressly admitted herein, this paragraph of the Amended Complaint is denied.

49. Denied.

50. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

51. The County admits that Gathings could not attend the May 14, 2025, budget meeting in person and that the next regularly scheduled meeting is June 3, 2025. Except as expressly admitted herein, this paragraph of the Amended Complaint is denied.

**Responding to "Motion for Preliminary and Permanent Injunction"**

52. The County incorporates the preceding paragraphs of its Answer in their entirety. Further, this paragraph of the Amended Complaint is denied.

53. Denied.

54. The County admits that during the May 5, 2025, special meeting, the Richmond County Board of Commissioners voted and passed the Resolution set forth in

7

Exhibit A to the Amended Complaint. The Resolution speaks for itself, and as such, to the extent a response is required as to the contents of the Resolution, this paragraph of the Amended Complaint is denied.

55. The Resolution speaks for itself, and as such, to the extent a response is required as to the contents of the Resolution, this paragraph of the Amended Complaint is denied.

56. Denied.

57. The Code of Ethics speaks for itself, and as such, to the extent a response is required as to the contents of the Code of Ethics, this paragraph of the Amended Complaint is denied.

58. The County admits that an amotion proceeding provides due process, notice, hearing, and a level of impartiality. To the extent not expressly admitted herein, this paragraph of the Amended Complaint is denied.

59. The Resolution speaks for itself, and as such, to the extent a response is required as to the contents of the Resolution, this paragraph of the Amended Complaint is denied.

60. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

61. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

8

62. Denied.

63. Denied.

64. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

65. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

66. This paragraph does not contain an allegation of fact to which a response is required. As such, to the extent a response is required, this paragraph of the Amended Complaint is denied.

## Responding to "Motion for Attorneys Fees"

67. The County incorporates the preceding paragraphs of its Answer in their entirety. Further, this paragraph of the Amended Complaint is denied.

68. Denied.

## Responding to Prayer for Relief

Responding to the unnumbered paragraph beginning with "WHEREFORE" following paragraph no. 68 of the Amended Complaint, the County denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Richmond County asks this Court:

1. To dismiss Plaintiff's claims with prejudice;

9

Case 1:25-cv-00434   Document 4   Filed 05/30/25   Page 9 of 11

2. To enter judgment against Plaintiff and in favor of Defendant Richmond County on Plaintiff's claims;

3. That the fees and costs of this action be taxed against Plaintiff; and

4. For such other relief as to the Court seems just and proper.

Dated: May 30, 2025.

*/s/ Aaron J. Horner*
Mary Craven Adams
N.C. State Bar No. 23058
Aaron J. Horner
N.C. State Bar No. 56335
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3735
Facsimile: (336) 733-8427
Email: Mary.Adams@wbd-us.com
Email: AJ.Horner@wbd-us.com

*Attorneys for Defendant Richmond County*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and will email and mail a copy to the following:

Ellen A. Bragg
Leitner, Bragg & Griffin, PLLC
201 Lancaster Avenue
Monroe, NC 28112
Email: ellie@monroelawfirm.com

*Attorney for Plaintiff*

                                          */s/ Aaron J. Horner*
                                          Aaron J. Horner