| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| COUNTY OF RICHMOND | FILE NO.: |

| | |
|---|---|
| *James Grady Gathings,*<br>*a/k/a Jamie Gathings, in his*<br>*Individual and official capacity*<br>*Richmond County Commissioner,* )<br><br>Plaintiff )<br><br>vs. )<br><br>*Richmond County, Richmond County*<br>*Board of Commissioners;*<br>*Rick W. Watkins, in his official capacity;*<br>*Andy Grooms, in his official capacity;*<br>*Jeff Smart, in his official capacity;*<br>*Justin Dawkins, in his official capacity;*<br>*Jason Gainey, in his official capacity;*<br>*And Robin Roberts, in her official capacity* )<br><br>Defendant. ) | **COMPLAINT,**<br>**PETITION FOR WRIT OF *MANDAMUS***<br>**MOTIONS FOR TEMPORARY AND**<br>**PERMANENT INJUNCTIVE RELIEF and**<br>**MOTION TO ATTORNEYS' FEES**<br>**AND COSTS** |

Now comes the Plaintiff, James Grady Gathings, a/k/a Jamie Gathings, by and through counsel, and alleges and say:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, James Grady Gathings, a/k/a Jamie Gathings, (hereinafter "Gathings"), is a citizen, resident, qualified voter and taxpayer of Richmond County, North Carolina.

2. Plaintiff, James Grady Gathings, a/k/a Jamie Gathings, in his official capacity as Richmond County Commissioner was elected to serve as a County Commissioner for Richmond County, and took the Oath of Office on December 2, 2024.

3. Defendant, Richmond County, is a body politic existing under the laws of the State of North Carolina.

4. Defendant, Richmond County Board of Commissioners, is a body politic existing under the laws of the State of North Carolina.

5. Defendant, Rick W. Watkins, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

6. Defendant, Andy Grooms, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

7. Defendant, Jeff Smart, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

8. Defendant, Justin Dawkins, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024. and at all times complained of herein.

9. Defendant, Jason Gainey, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

10. Defendant, Robin Roberts, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

11. As the citizen duly elected to serve as a Richmond County Commissioner, Plaintiff Gathings has a specific and personal legal interest in the subject matter of this case. Gathings has suffered and will continue to suffer irreparable harm without the relief requested herein.

12. The Board of County Commissioners are proper parties to this action. Such conclusion is consistent with the North Carolina Supreme Court's opinion in Ragan v. County of Alamance, 330 N.C. 110, holding that the County Commissioners were necessary parties and sovereign immunity did bar an action seeking a writ of *mandamus*.

13. Upon information and belief, the acts and omissions complained herein primarily occurred in Richmond County.

14. A real and justiciable controversy exits between Plaintiff and Defendants necessitating judicial determination of the rights and obligations of the parties.

15. Jurisdiction and venue are proper in the Superior Court for Richmond County.

## NATURE OF THE CASE

16. This action arises form Defendants, Richmond County and the Richmond County Board of County Commissioners' unlawful and ultra vires suspension of Jamie Gathings from fulfilling his duties as a duly elected official, a Richmond County Commissioner.

17. Specifically, Defendants have acted unlawfully and passed a Resolution on May 5, 2025, signed on May 6, 2025, (hereinafter the "Resolution") trespassing and banning Gathings from County building and stripping Gathings of his duty to attend any Richmond County Board of Commissioner meeting in-person or participate in-person during any Richmond County Board of Commissioners' meetings, being regular, special, open, closed sessions or otherwise called.

18. In this action, Plaintiff seeks issuance of a Writ of *Mandamus* by this Court, directing Richmond County and the Richmond County Board of Commissioners to allow Gathings to exercise his duly elected seat of public office and attend all portions of all meetings (being regular, special, open, closed sessions or otherwise called) held by the Richmond County Board of Commissioners, and enter County-owned facilities for personal matters in which all tax paying citizens shall be entitled, along with equitable and injunctive relief as needed to prevent Richmond County and the Richmond County Board of Commissioners from attempting to trespass and ban Gathings from exercising his seat of public office by attending and participating any and all meetings, in-person, held by the Richmond County Board of Commissioners.

19. Plaintiff further requests an award of attorneys' fees, costs and expenses pursuant to N.C. Gen. Stat. § 6-21.7 and §1-263, and other applicable law, as the Defendants have acted outside the scope of their legal authority and abused their discretion by engaging in the actions complained of herein.

## FACTUAL ALLEGATIONS

20. On or about May 5, 2025, the Richmond County Board of Commissioners, held a special meeting at the Richmond County Airport.

21. During the May 5, 2025, special meeting, the Richmond County Board of Commissioners discussed, among other things, complaints submitted by Commissioner Dawkins, Commissioner Gainey, County employees, and seeking advice from counsel to remove Gathings from office through an "*amotion*" proceeding.

22. During the May 5, 2025, special meeting, the Richmond County Board of Commissioners discussed intermediate sanctions to take against Gathings pending the initiation and pendency of an *amotion* proceeding.

23. During the May 5, 2025, special meeting, the Richmond County Board of Commissioners voted and passed a resolution banning Gathings from attending any and all Richmond County Board of Commissioners meeting in-person and only allowing Gathings to participate and vote by remote means.

24. Specifically, the motion passed by the Richmond County Board of Commissioners trespasses and bans Gathings from entering or attempting to access any and all County-owned facilities, including the courthouse, with special exception that he may be escorted by law enforcement for court appearances; from entering or attempting to access the County administrative office, County's DSS office and County's Health and Human service office; and banning Gathings from accessing any County-owned facility for personal reasons unless he gives 24 hours written notice.

25. A true and accurate copy of the May 5, 2025, Richmond County Board of Commissioners' Resolution is attached hereto and incorporated herein as "Exhibit A."

26. The Court of Appeals has recently held, in neighboring Anson County, that remote participation may not be counted towards a quorum. Effectively, the May 5, 2025, Richmond County Resolution strips Gathings from all voting power and strips him from his duties and responsibilities as a public official elected by the citizens of Richmond County.

27. The Richmond County Board of Commissioners acted beyond their scope of authority in trespassing and banning Gathings from attending all meetings and special sessions in-person and banning and restricting his participation to be that of only remote means. Restricting his ability to only vote remotely strips his ability to carry out his duties and responsibilities as a commissioner and draws the conclusion that his vote will never count. This conclusion is clearly supported and consistent with North Carolina law, see State ex rel. Cannon v. Anson Cnty., 295 N.C. App. 152.

28. There is no authority, statutory, case law, or otherwise, that supports the Board's act of banning Gathings from carrying out his duties of public office without due process.

29. The Board has actual knowledge that in order to remove Gathings from office, the Board must initiate an *amotion* proceeding and allow due process by way of the amotion quasi-judicial procedure.

30. The May 5, 2025, Resolution is nothing other than an attempt to circumvent Gathings' due process and preliminary strip him from his duties and responsibilities as an elected official.

31. The Board has threatened to have Gathings removed from any County building, if he enters or attempts to enter a County-owned building.

32. The Board has refused to allow Gathings to attend any meeting in-person since the May 5, 2025, Resolution.

33. Further, the Board's attorney, Michael Newman, has singled out Gathings, requesting Newman meet with him individually, outside of the County, outside of County buildings, discriminating against Gathings and his status as a duly elected County Commissioner.

34. Gathings has requested to attend Richmond County Board of Commissioners meetings in-person since the May 5, 2025, Resolution, however he has been denied the same.

35. Upon information and belief, closed sessions with both Board members and Attorney Newman have been held outside Gathings' presence.

## FIRST CAUSE OF ACTION
### Declaratory Judgment

36. The allegations contained in paragraphs 1-35 of this Complaint are realleged and incorporated as if fully set out herein.

37. Richmond County is a North Carolina County. Pursuant to N.C. Const. Art. VII, Sec. 1 and Chapter 153A of the North Carolina General Statues, counties in North Carolina only have authority to exercise powers, duties, privilege and immunities conferred upon them by the General Assembly.

38. The general assembly has enacted no statutory powering giving a County Board of Commissioners the authority to ban a commissioner from attending meetings.

39. Richmond County and the Richmond County Board of Commissioners does not have the authority to ban Gathings from all meetings, open, closed sessions, or otherwise, by way of passing a Resolution.

40. The only remedy available to a Board to remove an elected official from office is the common law doctrine of *amotion*. An *amotion* proceeding requires due process, notice, hearing, and impartiality. None of which have been afforded to Gathings.

41. Richmond County and the Richmond County Board of Commissioners lacked authority to enact the measures taken in the May 5, 2025 Resolution, banning Gathings from attending in-person meetings, voting, attending any closed sessions, and banning him from being at any building operated by Richmond County, in both his personal affairs (without written notice or escort) and duties and responsibilities as an elected official.

42. Plaintiff was not afforded any of the due process protections required in an amotion proceeding, such as a hearing, impartiality, right to cross examine witnesses against him, such that the action taken under the May 5, 2025, Resolution is in violation of Gathings' procedural and substantive due process rights

43. As such, Gathings is entitled to entry of a declaration that the Defendants lacked authority to take such measures as explicitly set out in the May 5, 2025 Resolution, banning Gathings from attending in-person meetings, voting in-person, attending any closed sessions, and banning him from being at any building operated by Richmond County, in both his personal affairs (without written notice or escort) and duties and responsibilities as an elected official, removing him from office, and that as a result, the May 5, 2025 Resolution is invalid, unlawful and void *ab initio*.

## PETITION FOR WRIT OF MANDAMUS

44. The allegations contained in paragraphs 1-43 of this Complaint are realleged and incorporated as if fully set out herein.

45. Gathings has a clear right to attend, in-person, all Richmond County Board of Commissioner meetings, whether regular, special, open, closed sessions, or otherwise called.

46. Defendants have a clear legal duty, which is not reasonably debatable, to allow Gathings to attend, in-person, all Richmond County Board of Commissioner meetings, whether regular, special, open, closed sessions, or otherwise called.

47. The aforementioned duties of the Defendants are administrative and ministerial in nature and do not involve the exercise of discretion. The Defendants have the present ability to perform the relief requested herein.

48. The Defendants have failed and refused to comply with the above-described duties and refused to allow Gathings to attend, in-person, any Richmond County Board of Commissioner meeting, whether regular, special, open, closed sessions, or otherwise called.

49. There is no alterative legally adequate remedy available to Gathings other than the issuance by this Court of a writ of *mandamus*, because State law requires that no elected official can be removed from office without due process and the quasi-judicial *amotion* proceeding.

50. Gathings requests that a writ of *mandamus* issue in this matter, directed at the Defendants, Richmond County and the Richmond County Board of Commissioners, directing and taking all steps to be immediately undertaken and that Gathings be immediately allowed to attend, in-person, all Richmond County Board of Commissioner meetings, whether regular, special, open, closed sessions, or otherwise called, be allowed

to visit County buildings for personal needs as a taxpaying citizen of Richmond County, revoking all terms of the May 5, 2025 Resolution banning Gathings from the same.

51. Further, Gathings request an immediate hearing, as time is of the essence and Gathings will continue to suffer irreparable harm as the Board of Commissioners is currently in budget season, Gathings was banned from attending the May 14, 2025, budget meeting in-person, and other time sensitive, high priority matters at interest for Richmond County, and the next regularly scheduled meeting is June 3, 2025.

## MOTION FOR PRELIMINARY AND PERMANENT INJUCTION

52. The allegations contained in paragraphs 1-51 of this Complaint are realleged and incorporated as if fully set out herein.

53. The Plaintiff is likely to prevail on the merits in this action.

54. On May 5, 2025, the Richmond County Board of Commissioners enacted a Resolution, immediately suspending Gathings' commissioner privileges and suspending Gathings' access privileges to County facilities and Board meetings, as hereinabove described.

55. The Resolution not only suspends Gathings from fulfilling the duties he was elected to serve, the Resolution bans and prohibits Gathings from entering or attempting to access any and all County-owned facilities, including the courthouse, or any facilities in which County employees or staff are working; interfering with Gathings' constitutional rights as an individual and citizen of Richmond County to conduct and carry out business and personal obligations and responsibilities (without written notice or escort).

56. The Resolution was passed in violation of Gathing's due process right, without proper notice, or right to counsel, cross examination of witnesses and impartiality.

57. Richmond County Board of Commissioners Code of Ethics requires a quasi-judicial proceeding, which requires proper notice, and affording the respondent the right to be heard and cross examine witnesses, before issuing a censure.

58. Further, the common law remedy of an *amotion* proceeding, requires a quasi-judicial proceeding, which requires proper notice, hearing, right to cross examine witnesses, and impartial decision makers, none of which has been afforded to Gathings.

59. The just cause and inherent authority of Board is misconstrued by the Commissioners in the May 5, 2025, Resolution. The Resolution refers to the requirement of an *amotion* proceeding, in which Gathings was not afforded.

60. Said *amotion* proceeding must include proper notice, a hearing, and fact finding by an impartial decision-maker based on competent evidence presented at a

hearing. Berger v. New Hanover County Bd. of Comm'rs, 2013 NCBC 45. The removal for cause while in office, is a quasi-judicial action, and court have consistently required that the basic elements of due process must be afforded. *Id.*

61. The relief sought by Plaintiff consists of enjoining the Defendants' actions of suspending and/or banning/trespassing Plaintiff from his public office by continuing to ban, trespass and refuse to allow Plaintiff to fulfill and assume his duties as both a Commissioner of Richmond County and his individual rights as a resident and citizen of Richmond County.

62. The Plaintiff has suffered and will continue to suffer irreparable harm if Defendants are not enjoined and prohibited from violating Plaintiff's rights to fulfill and assume his duties as Richmond County Commissioner, in that being refused the office of Richmond County Commissioner after being lawfully elected is irreparable harm to the Plaintiff and to the citizens of Richmond County.

63. Issuance of a preliminary injunction is necessary for the protection of the Plaintiff's right to assume the office of Richmond County Commissioner and allow Plaintiff to carry out his responsibilities as a Richmond County Commissioner.

64. The Court has the authority and discretion, pursuant to North Carolina General Statute § 1-485 and Rule 65 of the Rules of Civil Procedure to enter a preliminary injunction in this proceeding.

65. The Plaintiff requests the Court preliminary enjoin and prohibit the Defendants from suspending, trespassing, and or banning Plaintiff from entering any County-owned buildings and suspending, trespassing, and or banning Plaintiff from attending any Richmond County Board of Commissioners meeting in-person, and allow Plaintiff to assume the Office of Richmond County Commissioner and carry out his duties as an elected official, that being, a Richmond County Commissioner.

66. The Plaintiff requests the Court permanently enjoin and prohibit the Defendants from suspending, trespassing, and or banning Plaintiff from entering any County-owned buildings and suspending, trespassing, and or banning Plaintiff from attending any Richmond County Board of Commissioners meeting in-person, and allow Plaintiff to assume the Office of Richmond County Commissioner and carry out his duties as an elected official, that being, a Richmond County Commissioner.

## MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

67. The allegations contained in paragraphs 1-66 of this Complaint are realleged and incorporated as if fully set out herein.

68. The Defendants have acted outside the scope of their legal authority by engaging in the unlawful actions complained of herein, and said wrongful actions entitle

Gathings to recover actual costs, expenses, and attorneys fees pursuant to N.C. Gen. Stat § 6-21.7 and §1-263, and other applicable law.

WHEREFORE, the Plaintiff, respectfully prays the Court as follows:

1. The Court enter the declaratory judgment requested herein;

2. For issuance of a writ of *mandamus* entered against all Defendants, directing Richmond County and Richmond County Board of Commissioners to immediately allow Gathings to exercise his duly elected seat of public office and attend all portions of all meetings (being regular, special, open, closed sessions or otherwise called) held by the Richmond County Board of Commissioners, and enter County-owned facilities for personal matters in which all tax paying citizens shall be entitled.

3. The Court grant the Plaintiff a preliminary injunction prohibiting the Defendants from suspending or banning Gathings from public office until further orders of this Court.

4. The Court grant the Plaintiff a permanent injunction prohibiting the Defendants from suspending or banning Gathings from public office until further orders of this Court.

5. The Court grant all costs of this action be taxed against the Defendants, including attorney fees incurred in this action pursuant to N.C. Gen. Stat. § 6-21.7 and § 1-263, and any other applicable law;

6. To accept this verified Motion and Complaint as an affidavit in support of the relief prayed for herein and upon which the Court may base all of its orders; and

7. The Court grant Plaintiff such other and further relief as the Court deems just and proper.

This the 29th day of May, 2025

/s/ Ellen A. Bragg
Ellen A. Bragg
Attorney for Plaintiff
Bar #49101

LEITNER, BRAGG & GRIFFIN, PLLC
201 Lancaster Ave Monroe NC 28112
(704) 271-9805
Ellie@monroelawfirm.com