STATE OF NORTH CAROLINA       IN THE GENERAL COURT OF JUSTICE
                                       SUPERIOR COURT DIVISION
COUNTY OF RICHMOND                 FILE NO.:

| | |
|---|---|
| *James Grady Gathings,* )<br>*a/k/a Jamie Gathings, in his* )<br>*Individual and official capacity* )<br>*Richmond County Commissioner,* )<br>                   )<br>       Plaintiff   )<br>                   )<br>    vs.         )<br>                   )<br>                   )<br>*Richmond County, Richmond County* )<br>*Board of Commissioners;* )<br>*Rick W. Watkins, in his official capacity;* )<br>*Andy Grooms, in his official capacity;* )<br>*Jeff Smart, in his official capacity;* )<br>*Justin Dawkins, in his official capacity;* )<br>*Jason Gainey, in his official capacity;* )<br>*And Robin Roberts, in her official capacity* )<br>                   )<br>      Defendant.   )<br>_____ ) | **AMENDED COMPLAINT,<br>PETITION FOR WRIT OF *MANDAMUS*<br>MOTIONS FOR TEMPORARY AND<br>PERMANENT INJUNCTIVE RELIEF and<br>MOTION TO ATTORNEYS' FEES<br>AND COSTS** |

     Now comes the Plaintiff, James Grady Gathings, a/k/a Jamie Gathings, by and through counsel, and pursuant to Rule 15(a) amends his complaint, for the purpose of attaching the verification and "Exhibit A" as referenced:

**PARTIES, JURISDICTION AND VENUE**

     1.    Plaintiff, James Grady Gathings, a/k/a Jamie Gathings, (hereinafter "Gathings"), is a citizen, resident, qualified voter and taxpayer of Richmond County, North Carolina.

     2.    Plaintiff, James Grady Gathings, a/k/a Jamie Gathings, in his official capacity as Richmond County Commissioner was elected to serve as a County Commissioner for Richmond County, and took the Oath of Office on December 2, 2024.

     3.    Defendant, Richmond County, is a body politic existing under the laws of the State of North Carolina.

4.      Defendant, Richmond County Board of Commissioners, is a body politic existing under the laws of the State of North Carolina.

5.      Defendant, Rick W. Watkins, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

6.      Defendant, Andy Grooms, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

7.      Defendant, Jeff Smart, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

8.      Defendant, Justin Dawkins, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024. and at all times complained of herein.

9.      Defendant, Jason Gainey, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

10.      Defendant, Robin Roberts, is a board member on the Richmond County Board of Commissioners and was so duly qualified on or about December 2, 2024, and at all times complained of herein.

11.      As the citizen duly elected to serve as a Richmond County Commissioner, Plaintiff Gathings has a specific and personal legal interest in the subject matter of this case. Gathings has suffered and will continue to suffer irreparable harm without the relief requested herein.

12.      The Board of County Commissioners are proper parties to this action.  Such conclusion is consistent with the North Carolina Supreme Court's opinion in  Ragan v. County of Alamance, 330 N.C. 110, holding that the County Commissioners were necessary parties and sovereign immunity did bar an action seeking a writ of *mandamus*.

13.      Upon information and belief, the acts and omissions complained herein primarily occurred in Richmond County.

14.      A real and justiciable controversy exits between Plaintiff and Defendants necessitating judicial determination of the rights and obligations of the parties.

15.      Jurisdiction and venue are proper in the Superior Court for Richmond County.

## NATURE OF THE CASE

16.    This action arises form Defendants, Richmond County and the Richmond County Board of County Commissioners' unlawful and ultra vires suspension of Jamie Gathings from fulfilling his duties as a duly elected official, a Richmond County Commissioner.

17.    Specifically, Defendants have acted unlawfully and passed a Resolution on May 5, 2025, signed on May 6, 2025, (hereinafter the "Resolution") trespassing and banning Gathings from County building and stripping Gathings of his duty to attend any Richmond County Board of Commissioner meeting in-person or participate in-person during any Richmond County Board of Commissioners' meetings, being regular, special, open, closed sessions or otherwise called.

18.    In this action, Plaintiff seeks issuance of a Writ of *Mandamus* by this Court, directing Richmond County and the Richmond County Board of Commissioners to allow Gathings to exercise his duly elected seat of public office and attend all portions of all meetings (being regular, special, open, closed sessions or otherwise called) held by the Richmond County Board of Commissioners, and enter County-owned facilities for personal matters in which all tax paying citizens shall be entitled, along with equitable and injunctive relief as needed to prevent Richmond County and the Richmond County Board of Commissioners from attempting to trespass and ban Gathings from exercising his seat of public office by attending and participating any and all meetings, in-person, held by the Richmond County Board of Commissioners.

19.    Plaintiff further requests an award of attorneys' fees, costs and expenses pursuant to N.C. Gen. Stat. § 6-21.7 and §1-263, and other applicable law, as the Defendants have acted outside the scope of their legal authority and abused their discretion by engaging in the actions complained of herein.

## FACTUAL ALLEGATIONS

20.    On or about May 5, 2025, the Richmond County Board of Commissioners, held a special meeting at the Richmond County Airport.

21.    During the May 5, 2025, special meeting, the Richmond County Board of Commissioners discussed, among other things, complaints submitted by Commissioner Dawkins, Commissioner Gainey, County employees, and seeking advice from counsel to remove Gathings from office through an "*amotion*" proceeding.

22.    During the May 5, 2025, special meeting, the Richmond County Board of Commissioners discussed intermediate sanctions to take against Gathings pending the initiation and pendency of an *amotion* proceeding.

23. During the May 5, 2025, special meeting, the Richmond County Board of Commissioners voted and passed a resolution banning Gathings from attending any and all Richmond County Board of Commissioners meeting in-person and only allowing Gathings to participate and vote by remote means.

24. Specifically, the motion passed by the Richmond County Board of Commissioners trespasses and bans Gathings from entering or attempting to access any and all County-owned facilities, including the courthouse, with special exception that he may be escorted by law enforcement for court appearances; from entering or attempting to access the County administrative office, County's DSS office and County's Health and Human service office; and banning Gathings from accessing any County-owned facility for personal reasons unless he gives 24 hours written notice.

25. A true and accurate copy of the May 5, 2025, Richmond County Board of Commissioners' Resolution is attached hereto and incorporated herein as "Exhibit A."

26. The Court of Appeals has recently held, in neighboring Anson County, that remote participation may not be counted towards a quorum. Effectively, the May 5, 2025, Richmond County Resolution strips Gathings from all voting power and strips him from his duties and responsibilities as a public official elected by the citizens of Richmond County.

27. The Richmond County Board of Commissioners acted beyond their scope of authority in trespassing and banning Gathings from attending all meetings and special sessions in-person and banning and restricting his participation to be that of only remote means. Restricting his ability to only vote remotely strips his ability to carry out his duties and responsibilities as a commissioner and draws the conclusion that his vote will never count. This conclusion is clearly supported and consistent with North Carolina law, see State ex rel. Cannon v. Anson Cnty., 295 N.C. App. 152.

28. There is no authority, statutory, case law, or otherwise, that supports the Board's act of banning Gathings from carrying out his duties of public office without due process.

29. The Board has actual knowledge that in order to remove Gathings from office, the Board must initiate an *amotion* proceeding and allow due process by way of the amotion quasi-judicial procedure.

30. The May 5, 2025, Resolution is nothing other than an attempt to circumvent Gathings' due process and preliminary strip him from his duties and responsibilities as an elected official.

31. The Board has threatened to have Gathings removed from any County building, if he enters or attempts to enter a County-owned building.

32.     The Board has refused to allow Gathings to attend any meeting in-person since the May 5, 2025, Resolution.

33.     Further, the Board's attorney, Michael Newman, has singled out Gathings, requesting Newman meet with him individually, outside of the County, outside of County buildings, discriminating against Gathings and his status as a duly elected County Commissioner.

34.     Gathings has requested to attend Richmond County Board of Commissioners meetings in-person since the May 5, 2025, Resolution, however he has been denied the same.

35.     Upon information and belief, closed sessions with both Board members and Attorney Newman have been held outside Gathings' presence.

## FIRST CAUSE OF ACTION
### Declaratory Judgment

36.     The allegations contained in paragraphs 1-35 of this Complaint are realleged and incorporated as if fully set out herein.

37.     Richmond County is a North Carolina County. Pursuant to N.C. Const. Art. VII, Sec. 1 and Chapter 153A of the North Carolina General Statues, counties in North Carolina only have authority to exercise powers, duties, privilege and immunities conferred upon them by the General Assembly.

38.     The general assembly has enacted no statutory powering giving a County Board of Commissioners the authority to ban a commissioner from attending meetings.

39.     Richmond County and the Richmond County Board of Commissioners does not have the authority to ban Gathings from all meetings, open, closed sessions, or otherwise, by way of passing a Resolution.

40.     The only remedy available to a Board to remove an elected official from office is the common law doctrine of *amotion*. An *amotion* proceeding requires due process, notice, hearing, and impartiality. None of which have been afforded to Gathings.

41.     Richmond County and the Richmond County Board of Commissioners lacked authority to enact the measures taken in the May 5, 2025 Resolution, banning Gathings from attending in-person meetings, voting, attending any closed sessions, and banning him from being at any building operated by Richmond County, in both his personal affairs (without written notice or escort) and duties and responsibilities as an elected official.

42.     Plaintiff was not afforded any of the due process protections required in an amotion proceeding, such as a hearing, impartiality, right to cross examine witnesses against him, such that the action taken under the May 5, 2025, Resolution is in violation of Gathings' procedural and substantive due process rights

43.     As such, Gathings is entitled to entry of a declaration that the Defendants lacked authority to take such measures as explicitly set out in the May 5, 2025 Resolution, banning Gathings from attending in-person meetings, voting in-person, attending any closed sessions, and banning him from being at any building operated by Richmond County, in both his personal affairs (without written notice or escort) and duties and responsibilities as an elected official, removing him from office, and that as a result, the May 5, 2025 Resolution is invalid, unlawful and void *ab initio*.

## PETITION FOR WRIT OF MANDAMUS

44.     The allegations contained in paragraphs 1-43 of this Complaint are realleged and incorporated as if fully set out herein.

45.     Gathings has a clear right to attend, in-person, all Richmond County Board of Commissioner meetings, whether regular, special, open, closed sessions, or otherwise called.

46.     Defendants have a clear legal duty, which is not reasonably debatable, to allow Gathings to attend, in-person, all Richmond County Board of Commissioner meetings, whether regular, special, open, closed sessions, or otherwise called.

47.     The aforementioned duties of the Defendants are administrative and ministerial in nature and do not involve the exercise of discretion. The Defendants have the present ability to perform the relief requested herein.

48.     The Defendants have failed and refused to comply with the above-described duties and refused to allow Gathings to attend, in-person, any Richmond County Board of Commissioner meeting, whether regular, special, open, closed sessions, or otherwise called.

49.     There is no alterative legally adequate remedy available to Gathings other than the issuance by this Court of a writ of *mandamus*, because State law requires that no elected official can be removed from office without due process and the quasi-judicial *amotion* proceeding.

50.     Gathings requests that a writ of *mandamus* issue in this matter, directed at the Defendants, Richmond County and the Richmond County Board of Commissioners, directing and taking all steps to be immediately undertaken and that Gathings be immediately allowed to attend, in-person, all Richmond County Board of Commissioner meetings, whether regular, special, open, closed sessions, or otherwise called, be allowed

to visit County buildings for personal needs as a taxpaying citizen of Richmond County, revoking all terms of the May 5, 2025 Resolution banning Gathings from the same.

51.     Further, Gathings request an immediate hearing, as time is of the essence and Gathings will continue to suffer irreparable harm as the Board of Commissioners is currently in budget season, Gathings was banned from attending the May 14, 2025, budget meeting in-person, and other time sensitive, high priority matters at interest for Richmond County, and the next regularly scheduled meeting is June 3, 2025.

## MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

52.     The allegations contained in paragraphs 1-51 of this Complaint are realleged and incorporated as if fully set out herein.

53.     The Plaintiff is likely to prevail on the merits in this action.

54.     On May 5, 2025, the Richmond County Board of Commissioners enacted a Resolution, immediately suspending Gathings' commissioner privileges and suspending Gathings' access privileges to County facilities and Board meetings, as hereinabove described.

55.     The Resolution not only suspends Gathings from fulfilling the duties he was elected to serve, the Resolution bans and prohibits Gathings from entering or attempting to access any and all County-owned facilities, including the courthouse, or any facilities in which County employees or staff are working; interfering with Gathings' constitutional rights as an individual and citizen of Richmond County to conduct and carry out business and personal obligations and responsibilities (without written notice or escort).

56.     The Resolution was passed in violation of Gathing's due process right, without proper notice, or right to counsel, cross examination of witnesses and impartiality.

57.     Richmond County Board of Commissioners Code of Ethics requires a quasi-judicial proceeding, which requires proper notice, and affording the respondent the right to be heard and cross examine witnesses, before issuing a censure.

58.     Further, the common law remedy of an *amotion* proceeding, requires a quasi-judicial proceeding, which requires proper notice, hearing, right to cross examine witnesses, and impartial decision makers, none of which has been afforded to Gathings.

59.     The just cause and inherent authority of Board is misconstrued by the Commissioners in the May 5, 2025, Resolution. The Resolution refers to the requirement of an *amotion* proceeding, in which Gathings was not afforded.

60.     Said *amotion* proceeding must include proper notice, a hearing, and fact finding by an impartial decision-maker based on competent evidence presented at a

hearing. *Berger v. New Hanover County Bd. of Comm'rs*, 2013 NCBC 45. The removal for cause while in office, is a quasi-judicial action, and court have consistently required that the basic elements of due process must be afforded. *Id.*

61.    The relief sought by Plaintiff consists of enjoining the Defendants' actions of suspending and/or banning/trespassing Plaintiff from his public office by continuing to ban, trespass and refuse to allow Plaintiff to fulfill and assume his duties as both a Commissioner of Richmond County and his individual rights as a resident and citizen of Richmond County.

62.    The Plaintiff has suffered and will continue to suffer irreparable harm if Defendants are not enjoined and prohibited from violating Plaintiff's rights to fulfill and assume his duties as Richmond County Commissioner, in that being refused the office of Richmond County Commissioner after being lawfully elected is irreparable harm to the Plaintiff and to the citizens of Richmond County.

63.    Issuance of a preliminary injunction is necessary for the protection of the Plaintiff's right to assume the office of Richmond County Commissioner and allow Plaintiff to carry out his responsibilities as a Richmond County Commissioner.

64.    The Court has the authority and discretion, pursuant to North Carolina General Statute § 1-485 and Rule 65 of the Rules of Civil Procedure to enter a preliminary injunction in this proceeding.

65.    The Plaintiff requests the Court preliminary enjoin and prohibit the Defendants from suspending, trespassing, and or banning Plaintiff from entering any County-owned buildings and suspending, trespassing, and or banning Plaintiff from attending any Richmond County Board of Commissioners meeting in-person, and allow Plaintiff to assume the Office of Richmond County Commissioner and carry out his duties as an elected official, that being, a Richmond County Commissioner.

66.    The Plaintiff requests the Court permanently enjoin and prohibit the Defendants from suspending, trespassing, and or banning Plaintiff from entering any County-owned buildings and suspending, trespassing, and or banning Plaintiff from attending any Richmond County Board of Commissioners meeting in-person, and allow Plaintiff to assume the Office of Richmond County Commissioner and carry out his duties as an elected official, that being, a Richmond County Commissioner.

## MOTION FOR ATTORNEYS FEES

67.    The allegations contained in paragraphs 1-66 of this Complaint are realleged and incorporated as if fully set out herein.

68.    The Defendants have acted outside the scope of their legal authority by engaging in the unlawful actions complained of herein, and said wrongful actions entitle

Gathings to recover actual costs, expenses, and attorneys fees pursuant to N.C. Gen. Stat § 6-21.7 and §1-263, and other applicable law.

WHEREFORE, the Plaintiff, respectfully prays the Court as follows:

1.      The Court enter the declaratory judgment requested herein;

2.      For issuance of a writ of *mandamus* entered against all Defendants, directing Richmond County and Richmond County Board of Commissioners to immediately allow Gathings to exercise his duly elected seat of public office and attend all portions of all meetings (being regular, special, open, closed sessions or otherwise called) held by the Richmond County Board of Commissioners, and enter County-owned facilities for personal matters in which all tax paying citizens shall be entitled.

3.      The Court grant the Plaintiff a preliminary injunction prohibiting the Defendants from suspending or banning Gathings from public office until further orders of this Court.

4.      The Court grant the Plaintiff a permanent injunction prohibiting the Defendants from suspending or banning Gathings from public office until further orders of this Court.

5.      The Court grant all costs of this action be taxed against the Defendants, including attorney fees incurred in this action pursuant to N.C. Gen. Stat. § 6-21.7 and § 1-263, and any other applicable law;

6.      To accept this verified Motion and Complaint as an affidavit in support of the relief prayed for herein and upon which the Court may base all of its orders; and

7.      The Court grant Plaintiff such other and further relief as the Court deems just and proper.


                    This the 29th day of May, 2025


                                                /s/ Ellen A. Bragg
                                                Ellen A. Bragg
                                                Attorney for Plaintiff
                                                Bar #49101


LEITNER, BRAGG & GRIFFIN, PLLC
201 Lancaster Ave Monroe NC 28112
(704) 271-9805
Ellie@monroelawfirm.com

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE

COUNTY OF _Richmond_

## VERIFICATION

I, **JAMES GRADY GATHINGS**, first being duly sworn, depose and say that I am the Plaintiff named in the foregoing action; that I have read the foregoing and know the contents thereof and that the same is true of my own knowledge, except as to those matters and things therein alleged upon information and belief, and as to those, I believe the same to be true.

**JAMES GRADY GATHINGS**

---------------------------------------------------------------------------------------------------

I certify that **JAMES GRADY GATHINGS** personally appeared before me this day and

☒   I have personal knowledge of the identity of the principal(s)

☐   I have seen satisfactory evidence of the principal's identity, by a current state or federal identification with the principal's photograph in the form of a driver's license

☐   A credible witness has sworn to the identity of the principal(s);

and acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated.

Sworn to and subscribed before me,
this the __29ᵗʰ__ day of __May_____, 20_25_ .

_Sarah F. Everett_
Notary Public
My Commission Expires: __3-27-2030_____

*(Notary seal: SARAH F. EVERETT, NOTARY, RICHMOND COUNTY, NC, PUBLIC, MY COMM EXPIRES MARCH 27, 2030)*

# EXHIBIT A

**STATE OF NORTH CAROLINA**

**RICHMOND COUNTY**

## RESOLUTION OF RICHMOND COUNTY BOARD OF COMMISSIONERS TO CAUSE TEMPORARY NO TRESPASS DIRECTIVE TO BE SERVED ON COMMISIONER JAMIE GATHINGS

**WHEREAS**, the Richmond County Board of County Commissioners recently received an independent report dated 28 April 2025 regarding the conduct, behavior and activities of Commissioner Jamie Gathings ("Gathings"); and has further received information from Commissioner Jeff Smart regarding a conversation wherein Gathings expressed an intent to retaliate against employees who participated in the independent investigation;

**WHEREAS**, the report demonstrates that multiple employees and staff stated that they have been subjected to intimidating, threatening and coercive statements and conduct of Jamie Gathings while working on the job on the premises of Richmond County government buildings; and

**WHEREAS**, some of the comments in the report which were made to staff and employees are protected First Amendment speech, and would not warrant any Board action; however, other comments set forth in the report are highly concerning and appear calculated to intentionally intimidate employees and did in fact result in employees reporting feeling intimidated;

**WHEREAS**, as an illustrative example of a reported employee statement which intimidated the employee includes the report that Commissioner Gathings, who has openly shared that he has been convicted in the past of a felony, boasted about his time in prison and talked to this employee about "taking people down;"

**WHEREAS**, there is currently a temporary restraining order against Commissioner Gathings which bars him from being on the property or business of Commissioner Gainey and said order may or may not be continued or dissolved at a preliminary injunction hearing; regardless, the board has noted that the presiding judge included the restraining order after a hearing wherein Commissioner Gathings was represented by counsel;

**WHEREAS**, the statements in the independent investigation reflect that employees have stated that Commissioner Gathings has already created a work environment which was characterized by employees as making them feel very uncomfortable, very much threatened, and/or intimidated,

**WHEREAS**, Commissioner Gathings did not participate in the investigation, failing to either make himself available for an interview and/or to deny said reports to the independent investigators;

**WHEREAS**, it is the policy of the County as reflected in its duly adopted Richmond County Personnel Policy and other policies to prohibit all forms of workplace harassment and intimidation recognizing the right of each County employee and staff member to be free from all forms of workplace harassment which might unreasonably interfere with their work performance or which

creates an intimidating, hostile, fearful or offensive work environment and to prevent the threat of retaliation for reporting such hostile and offensive conduct; and

**WHEREAS**, pursuant to the policies enacted by the Board of Commissioners and pursuant to the statutory powers and duties as authorized by the North Carolina General Statutes and/or applicable law, the information available to the Board at this point requires that the Board take reasonable measures to insure that Richmond County is a workplace free of harassment, intimidation and retaliation;

**WHEREAS**, the primary Richmond County office facilities are as follows: 1) the Administrative Offices located at 1401 Fayetteville Road, Rockingham, North Carolina; 2) the DSS office located at 125 Caroline Street, Rockingham, North Carolina; and 3) the Health and Human Services office located at 127 Caroline Street, Rockingham, North Carolina; and 4) many County employees and staff must perform tasks daily at the Judicial Center courthouse facilities located at 105 W. Franklin Street, Rockingham, North Carolina; and

**WHEREAS**, the actions and interference described are the types of actions which expose Richmond County to legal liability for civil claims alleging hostile work environment, threats of retaliation and failure to comply with or enforce the terms of the Richmond County Personnel Policy and other policies; and

**WHEREAS**, there is just cause and weighing all circumstances, it is inherent upon the Board to take all reasonable and necessary actions to protect its employees and to protect Richmond County from being exposed to potential legal liability which is substantially likely to result from the continued unauthorized unilateral and improper actions and behaviors of a Board Member who harasses and intimates employees and staff; and

**WHEREAS**, Commissioner Gathings is entitled to due process with respect to the pending amotion proceeding, and an independent hearing officer shall be taking evidence, and making findings of fact about interactions between Gathings and others which are currently in dispute;

**WHEREAS**, the Board has carefully considered the most appropriate remedy to alleviate the concerns and fears reported by employees and staff; and

**WHEREAS**, the Commissioners realize it is incumbent upon them to immediately take temporary measures to protect employees and staff, and to balance this need with Commissioner Gathing's rights to be present on county property;

WHEREAS, the Commissioners are taking temporary measures to protect employees, staff and board members, which measures shall be revisited at the next regularly scheduled commissioners meeting after the issuance of a report by the hearing officer in the amotion proceeding, or, if the meeting will be more than two weeks after the issuance of the report, a special meeting shall be called to decide whether this temporary no trespass order shall be terminated;

WHEREAS, a limited and tailored temporary No Trespass directive must be put in place to protect employees and staff and county representatives.

**NOW, THEREFORE, BE IT RESOLVED**, the following:

During this temporary No Trespass period, the Board hereby prohibits and restricts Commissioner Gathings from the following activities:

a) From entering or attempting to access any and all County-owned facilities – including but not limited to, the Richmond County Judicial Center courthouse facilities located at 105 W. Franklin Street, Rockingham, North Carolina, save and except if Gathings is scheduled to be in court for a court appearance, he shall send evidence of same by email to the county attorney, copy to the sheriff, and shall be permitted to attend any court proceedings wherein he is a party or a witness.

b) From entering or attempting to access the following facilities where County employees and staff are working: (1) The County's administrative facility located at 1401 Fayetteville Road, Rockingham, North Carolina; (2) the County's DSS office located at 125 Caroline Street, Rockingham, NC; and (3) the County's Health and Human Services office located at 127 Caroline Street, Rockingham, NC; and

c) From entering or attempting to access any and all other County-owned facilities where County employees and staff are working **unless** Commissioner Gathings is (i) conducting personal business and/or appearing or participating in court proceedings, and Commissioner Gathings has notified the sheriff's office by email to Mark.Gulledge@richmondnc.com at least 24 hours in advance of where he will be [the specific building(s)] and the time window and location in which he is conducting personal business; and/or (ii) at a county owned facility to vote in a tie-breaking vote of the county commissioners at the express written email invitation of the clerk.

e) The Board directs that a copy of this Resolution be delivered by the County Manager to the Richmond County Sheriff's Office, with the directive that it is the intent of this Resolution that Commissioner Gathings be deemed to be trespassing and shall be promptly removed if he attempts to enter or access any of the above-reference County facilities while this Resolution is in effect.

f) This Resolution does not prevent Gathings from remotely attending open meetings of the County Commissioners, and participating and voting at said meetings, subject to the other provisions in the Resolution Adopting Remote Voting Procedures.

This the 6th day of **May 2025**

_____
Rick W. Watkins, Chairman
Richmond County Board of Commissioners

_____
Dena R. Cook, NCMCC
Richmond County Board of Commissioners